1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   DARIN JEROME GATSON,

9                                    Petitioner,          CASE NO. C19-1452-JCC

10          v.                                             **REPORT AND
                                                          RECOMMENDATION**
11   JEFFREY A. UTTECHT,

12                                    Respondent.

13          Petitioner Darin Jerome Gatson seeks 28 U.S.C. § 2254 habeas relief from his conviction

14   for First Degree Robbery and 129 month sentence in King County Superior Court Cause Number

15   14-1-05901-5-SEA. *See* Amended Habeas Petition Dkt. 17 at 1. Petitioner also moves the Court

16   to "Add Additional Information, Dkt. 21, and conduct an evidentiary hearing, Dkts. 26, and 27.

17          Petitioner' amended habeas petition, Dkt. 17, raises the following grounds for relief:

18          1.      Brian Wynne engaged in prosecutorial misconduct by falsely claiming that a

19   neutral eyewitness saw petitioner strike the victim with a weapon. *Id.* at 5.

20          2.      Brian Wynne engaged in prosecutorial misconduct by planting fabricated

21   evidence. *Id.* at 7.

22          3.      Trial counsel was ineffective due to bar complaints that forced defense counsel to

23   withdraw. *Id.* at 8.

REPORT AND RECOMMENDATION - 1

4.      The state trial judge abused his discretion by: (a) denying petitioner's motion to disqualify defense counsel due to a conflict of interest; (b) violating principles of statutory construction by removing the word "inflict" and replacing it with "proximate cause"; (c) giving an expert witness instruction where no expert witness testimony was admitted; (d) denying a lesser included offense instruction of "third degree theft"; and (e) endorsing the state's improper argument. *Id.* at 10.

In his motion to amend his petition, Dkt. 21, petitioner also alleges the state violated *United States v. Bagley* because photos showing the victim had "multiple injuries of scratches on his entire abdomen" were not preserved after the trial. *Id. at 1.*

In his Response, Respondent agrees all grounds for relief are exhausted except for the claim the state violated *Bagley* (which respondent describes as *Brady* violation) which respondent contends was never fairly presented to the state courts. Dkt. 24 at 5. Respondent argues the Court should deny the writ of habeas corpus because the state courts' adjudication of petitioner's grounds for relief are neither contrary to clearly established Supreme Court law or based upon an unreasonable determination of the facts. The Response is noted for February 7, 2020 as ready for the Court's consideration and the matter is thus ripe.

## BACKGROUND

The Washington Court of Appeals summarized the facts regarding petitioner's case as follows:

> Gatson stole clothing from a department store on October 4, 2014. A security guard who observed the theft followed Gatson as he left the store. Gatson started running, and the guard gave chase. The guard caught up to Gatson on a staircase and grabbed him. The guard testified that at the top of the staircase, Gatson "spun around real quick" and "made a thrusting motion real hard" toward the guard's stomach. The guard felt something strike him. He "pushed back" at Gatson and then fell down the stairs. Gatson ran away.

> The guard sustained a cut and bruise on his stomach and an ankle injury. He told police he had been stabbed with a knife.
>
> Gatson was arrested and charged with first degree robbery. First degree robbery requires a showing that the defendant used a deadly weapon, was armed with a deadly weapon, or inflicted bodily injury. RCW 9A.56.200. The information alleged that Gatson was armed with a deadly weapon—"a sharp, bladed instrument"—and that he inflicted bodily injury.

*State v. Gatson*, 1 Wash.App.2d 1005, at *1 (Div. I, 2017). In the order dismissing petitioner's personal restraint petition, the state court of appeals also noted:

> Approximately a week after Gatson committed the charged robbery at the Bellevue Square Macy's store, police arrested him on suspicion of committing a similar crime at the Alderwood Mall Macy's store. On that occasion, security officers observed Gatson take and conceal a number of jackets, but did not attempt to approach him in the store because he was brandishing a large pair of scissors. Police officers arrested Gatson in his car in the shopping mall parking lot after he left the store. They discovered several items relevant to the prior Bellevue Square robbery, including a jacket and hat, a Macy's bag, small pen knife and a pair of scissors.

Dkt. 25 (State Court Record), Ex. 2., ECF pg. 15).

**EVIDENTIARY HEARING**

Petitioner contends the Court should an evidentiary hearing to address his ineffective assistance of counsel claim based upon a conflict of interest. Dkt. 26. An evidentiary hearing is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). As discussed below, the claims petitioner properly presented to the state courts were adjudicated on the merits, and the state courts' rejection of the claims are neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record. Under these circumstances, this court is barred from conducting an evidentiary hearing to further develop the facts on petitioner's claims. *Pinholster* at 185 ("If a claim has been

REPORT AND RECOMMENDATION - 3

1    adjudicated on the merits by a state court, a federal habeas petitioner must overcome the

2    limitations of § 2254(d)(1) on the record that was before the state court.")[1]; *see also Sully v.*

3    *Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to

4    decide whether a district court may ever choose to hold an evidentiary hearing before it

5    determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the

6    district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks

7    and citation omitted).

8            Additionally, petitioner seeks to add additional information, i.e. supplement the record

9    with arguments about destroyed photos showing the victim had more scratched on his chest and

10   abdomen than would be caused by a single thrust by petitioner. Dkt. 21.  Supplementation of the

11   record is also barred under *Pinholster. See Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th

12   Cir. 2012) (*Pinholster* governs discovery, expansion of the record and evidentiary hearings);

13   *Neng Saypao Pha v. Swarthout*, No. 2:13-CV-1133 MCE GGH, 2015 WL 1787569, at *6 (E.D.

14   Cal. Apr. 20, 2015), *subsequently aff'd sub nom. Neng Saypropha v. Gary Swarthout, Warden*,

15   No. 15-16028, 2016 WL 4073503 (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for

16   evidentiary hearing (and discovery) no matter the subject of the claim; it worked a sea change in

17   federal habeas corpus practice."); *Virgo v. Frauenheim*, 2018 WL 3831003 at * 12 (E.D. Cal.,

18   August 13, 2018) (The article petitioner attached to federal habeas pleading is precluded by

19   *Pinholster's* bar to supplementing facts adduced for the first time in federal proceedings where

20

21   [1] The *Pinholster* limitation also applies to claims brought under § 2254(d)(2). *See Gulbrandson v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear

22   that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2) (allowing for habeas relief if the state court decision "was based on an unreasonable

23   determination of the facts in light of the evidence presented in the State court proceeding.") (emphasis added); *Pinholster*, 131 S.Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that (d)(1) "also is plainly limited to the state-court record.") (emphasis added)).

1   claim is adjudicated on the merits.). Accordingly, the Court may not consider the exhibits,

2   declarations and attachments petitioner submitted in support of relief, not previously considered

3   by the state courts.

4          In sum, in determining whether relief is available under 28 U.S.C. § 2254(d)(1) or (2), the

5   Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170

6   (2011). An evidentiary hearing is not required if the allegations would not entitle petitioner to

7   relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record

8   refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is

9   not required to hold an evidentiary hearing." *Id.*  Here, the Court concludes petitioner is not

10  entitled to relief and the habeas claims may be resolved by review of the existing record without

11  further discovery or supplementation of evidence presented for the first time; accordingly no

12  evidentiary hearing is required because petitioner's allegations do not entitle him to habeas relief.

13  The Court also concludes any request for evidentiary hearing, discovery, and to supplement the

14  state court record should be denied. *See also Kemp v. Ryan*, 638 F.3d 1245, 1269 (9th Cir. 2011)

15  (When a habeas petitioner is not entitled to an evidentiary hearing, then the petitioner's request

16  for discovery is futile, and the court does not abuse its discretion in denying it.).

17                              **FEDERAL HABEAS STANDARDS**

18  **A.    Habeas Review Standards**

19         A federal Court may not grant habeas relief unless the state court decision: "(1) was

20  contrary to clearly established federal law as determined by the Supreme Court, (2) involved an

21  unreasonable application of such law, or (3) . . . was based on an unreasonable determination of

22  the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243,

23  1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

1     A state court's decision is contrary to clearly established federal law if it contradicts the

2 law set forth by the United States Supreme Court or reaches a result different than that reached

3 by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529

4 U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly

5 established federal law when the state court identifies the correct legal rule but applies it to a new

6 set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal

7 law means the governing legal principle or principles set forth by the Supreme Court at the time

8 the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012)

9 (citation omitted). A court's determination of clearly-established law rests on a Supreme Court

10 holding, not on circuit decisions. *See Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A

11 Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer"

12 regarding the applicable legal rule to create "clearly established federal law.).

13     Turning to habeas relief based upon a claim the state court unreasonably determined the

14 facts, "a federal court may not second-guess a state court's fact-finding process unless, after

15 review of the state-court record, it determines that the state court was not merely wrong, but

16 actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller–El

17 I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on

18 a factual determination will not be overturned on factual grounds unless objectively unreasonable

19 in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

20     Additionally, state-court factual findings are presumed correct. This is a presumption the

21 petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187,

22 2199–2200 (2015) (quotation and citation omitted). Consequently, even if reasonable minds

23

REPORT AND RECOMMENDATION - 6

1   reviewing the record might disagree about a state court's factual determination, a federal habeas

2   court cannot supersede the trial court's determination." *Id.* at 2201.

3        In considering a habeas petition, a federal court reviews the "last reasoned decision" from

4   the state court. Where the final state court decision contains no reasoning, the court looks to the

5   last decision from the state court that provides a reasoned explanation of the issue. *See*

6   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Where no state court decision

7   articulates its underlying reasoning, "the habeas petitioner's burden still must be met by showing

8   there was no reasonable basis for the state court to deny relief. . . ." *Harrington v. Richter*, 562

9   U.S. 86, 98 (2011). When the state courts fail to provide reasoning for its decisions, a federal

10  court must independently review the record and ascertain whether the state court's decision was

11  objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (citation and

12  internal quotation marks omitted)." "Crucially, this is not a de novo review of the constitutional

13  question. Rather, even a strong case for relief does not mean the state court's contrary conclusion

14  was unreasonable." *Id.* (citations and internal quotation marks omitted).

15       Finally, a federal court's review of a habeas claim is limited to the facts before the state

16  court and the petitioner is not entitled to an evidentiary hearing in federal court. *See Cullen v.*

17  *Pinholster*, 131 S. Ct.1388, 1398 (2011). "An evidentiary hearing may be appropriate after

18  *Pinholster* only if the district court first determines that the state court made an unreasonable

19  application of federal law or made an unreasonable determination of facts based on the record

20  before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22,

21  2014) (unreported).

22

23

**B.      Exhaustion Requirement**

A federal district court may not entertain a petition for habeas corpus unless the petitioner

has exhausted state remedies with respect to each of the claims raised. *Rose v. Lundy*, 455 U.S.

509 (1982). A petitioner may obtain federal habeas relief only if he has exhausted state judicial

remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion requirement is a

prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[2]

*See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal

and state comity that is designed to give state courts the initial opportunity to correct alleged

constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Respondent contends one of petitioner's claims, the *Bagley* claim is unexhausted. Even if

the claim were exhausted, it should be denied and dismissed. Accordingly the Court will not

belabor the issue of exhaustion and the procedural bar and default doctrines.

**DISCUSSION OF CLAIMS**

**A.      Ground for Relief 1: Prosecutorial Misconduct – Improper Argument**

Petitioner contends Deputy Prosecuting Attorney ("DPA") Brian Wynne engaged in

prosecutorial misconduct by falsely arguing to the jury a neutral eyewitness saw petitioner strike

the victim with a weapon. The state court of appeals held the DPA should not have stated a

witness saw petitioner strike the victim with a weapon when the witness never stated she

observed a weapon. *State v. Gatson*, 1 Wash. App.2d at *5.

However, the state court of appeals nonetheless affirmed petitioner's conviction. The

state court noted petitioner was convicted of first degree robbery committed under the "inflicting

---

[2] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 8

bodily injury," element prong, rather than the first degree robbery committed under the "deadly weapon" prong. *Id.* The state court of appeals reasoned because the existence of a deadly weapon was not an element to be proven, and because the trial judge instructed the jury argument by counsel is not evidence, petitioner was not harmfully prejudiced by the prosecution's reference that a witness saw a weapon.

Federal habeas review of prosecutorial misconduct claims is limited to the narrow issue of whether the alleged misconduct violated due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir. 1996), cert. denied, 519 U.S. 889, (1996). "It 'is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Allen v. Woodford*, 395 F.3d 979, 997 (9th Cir. 2004) (as amended) (internal quotations and citations omitted), *cert. denied*, 546 U.S. 858 (2005). Misconduct is reviewed in light of the entire trial record, and habeas relief may be granted only if the misconduct by itself infected the trial with unfairness. *See Donnelly*, 416 U.S. at 639-43; *see also Darden v. Wainwright*, 477 U.S. 168, 183 (1986); *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2011) ("under *Darden*, the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness"), *cert. denied*, 546 U.S. 1110, (2006). The same standard applies to a habeas claim based on prosecutorial misconduct arising from improper argument. *See Greer v. Miller*, 483 U.S. 756, 765-66 (1987); *Darden*, 477 U.S. at 181-83.

Here, petitioner fails to establish the state court of appeal's decision is contrary to clearly established Supreme Court law or based upon an unreasonable determination of the facts based on the record. A key factor in assessing whether petitioner was prejudiced by the prosecutor's argument is the strength of the evidence against the accused. *See, e.g., United States v. Ruiz*, 710

1    F.3d 1082, 1084 (9th Cir. 2011) (finding error harmless due to strength of evidence); *United*

2    *States v. Bashaw*, 509 F.2d 1204, 1206 (9th Cir. 1975) ("We do not condone the prosecutor's

3    conduct.... [But] the evidence of Bashaw's guilt was overwhelming, [so] we are impelled to the

4    conclusion that the prosecutor's misconduct was legally harmless....").

5    　　　　The state court of appeals found the DPA's argument was unrelated to an element of the

6    charged offense. Petitioner was prosecuted for first degree robbery under the "inflicting bodily

7    injury" element prong, the "deadly weapon" element prong. Hence there is no basis to conclude

8    petitioner was convicted based upon the DPA's improper argument because the argument did not

9    go to an element of the offense. Further the state court of appeals found as a result of the

10   confrontation between the petitioner and the victim, the victim fell down the stairs, sustained a

11   cut and bruise on his stomach, and an ankle injury. *State v. Gatson* 1 Wash. App 2d at *1. This is

12   the evidence establishing the bodily injury element and is evidence that is not dependent upon

13   the prosecutor's improper argument about a weapon. The Court accordingly finds the state court

14   of appeal's determination that petitioner failed to establish prejudice regarding this claim cannot

15   be deemed to be contrary to Supreme Court law or based upon and unreasonable determination

16   of the facts. Ground 1 for relief should accordingly be denied and dismissed.

17   **B.    Ground for Relief 2: Prosecutorial Misconduct – Planting Evidence**

18   　　　　Petitioner alleges "Brian Wynne planted fabricated evidence to receive conviction, false

19   evidence." Dkt. 17, at 7. In seeking review in the Washington Supreme Court of the state court

20   of appeals' denial of petitioner's personal restraint petition (PRP), petitioner argued:

21   　　　　　　　　Fact to this fact Prosecutor James [sic] Wynee misled the trial
　　　　　　　　　court with his sharp bladded [sic] theory in which he got defense
22   　　　　　　　　counsel Cathy Gormley to stipulate let the weapon in from the
　　　　　　　　　Lynwood case. He eventually 10bandon his sharp bladded [sic]
23   　　　　　　　　theory because Alexander Ashem the witness stated there was no
　　　　　　　　　weapon and the prosecutor know this prior to trial even started, so

why did the prosecutor plant false evidence of a weapon in this
case? Prosecutorial misconduct.

Dkt. 25 (State Court Record), Ex. 13 at 403.

Petitioner's planting false evidence claim fails. The claim is conclusory and unsupported.
Generally, conclusory allegations which are not supported by a statement of specific facts do not
warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). The Washington Supreme
Court rejected petitioner's argument on the grounds that petitioner failed to support the argument
and the Court will not grant review "of such unsupported arguments." Dkt. 25 at ECF p. 411).

Petitioner presents here nothing showing DPA Wynne planted evidence that harmfully
prejudiced petitioner and thus there is nothing to show the state court's finding is unreasonable
or contrary to Supreme Court law. The Court has considered whether the argument petitioner
raised below is related his claim DPA Wynne's argument to the jury that a witness saw petitioner
strike the victim with a weapon is false. But as discussed above, the state court's rejection of the
DPA's improper argument about a witness seeing a weapon is neither contrary to established
Supreme Court nor based upon an unreasonable determination of the facts. Accordingly Ground
2 for relief should be denied and dismissed.

**C.    Ground for relief 3:  Trial counsel was ineffective due to bar complaints creating a
conflict of interest**

Under the two-prong standard of *Strickland*, petitioner must show trial counsel's
performance was so deficient that it "fell below an objective standard of reasonableness."
*Strickland v. Washington*, 466 U.S. 668, 686 (1984). He must also show the deficient
performance so prejudiced the defense that it deprived him of the right to a fair trial and caused
the state court proceedings to be unreliable. *Id*. at 687. A petitioner must satisfy both prongs. *Id*.
at 697. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466

1    U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all

2    significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

3         Petitioner contends his trial lawyer was ineffective due to a grievance he filed and a

4    conflict of interest. Dkt. 17 at 8. In seeking review in the Washington Supreme Court, petitioner

5    argued trial counsel conceded there was a conflict of interest; trial counsel betrayed petitioner by

6    stipulating to the admission of weapons seized from petitioner when he was arrested at the

7    Lynnwood Shopping Center parking lot; and the state provided counsel a photograph regarding

8    injuries to the victim and refused petitioner's request to show it to the jury. Petitioner contends

9    the photo was exculpatory because it showed the victim had multiple scratches on his chest and

10   abdomen but petitioner was only charged with causing only one scratch; petitioner argues: "who

11   did the other 9? My point conflict of interest." Dkt. 24 at ECF Pgs. 401-402.

12        The Court first rejects petitioner's claim he was denied effective assistance of counsel

13   because he filed a Washington State Bar Association (WSBA) grievance. Petitioner filed the

14   grievance after he was convicted and thus the grievance itself does not establish counsel was

15   ineffective during trial. *See* Dkt. 25, Ex. 24, ECF p. 1291-92. Further after petitioner filed the

16   WSBA grievance, trial counsel moved to and was granted leave to withdraw. *Id.* at 1292.

17   Petitioner thereafter proceeded to sentencing with new counsel. *Id*. at 1305.

18        The Court also rejects petitioner's claim trial counsel was ineffective for stipulating to the

19   admission of weapons seized from petitioner when he was arrested at the Lynnwood Shopping

20   Center parking lot and failing to show photographs of the victim's injuries to the jury. The state

21   court of appeals rejected these claims noting petitioner was charged with committing first degree

22   robbery at a Bellevue Square Macy's store and a week later was arrested at the Alderwood Mall

23   Macy's store parking lot on suspicion of theft from Macys. The trial judge denied the state's

REPORT AND RECOMMENDATION - 12

1    motion to admit,under Evidence Rule 404(b), the facts regarding the Alderwood Mall Macy's

2    incident. However, the trial judge did not exclude items police obtained from petitioner when

3    they arrested him.  Dkt. 25, Ex. 2 at ECF p. 16; *see also* Dkt. 25, at ECF p. 831.

4         The state court of appeals reasoned:

5              There is nothing in ER 404(b) that prevents items seized when a
              defendant is arrested on other charges from being admitted as
6              evidence in a different case. The seized items were undisputedly
              relevant. Gatson fails to identify any valid basis for excluding the
7              evidence. Accordingly all of Gatson's claims based on the premise
              that counsel should not have entered into a stipulation to sanitize
8              the evidence and the trial court should have excluded the evidence
              found in his vehicle fail.

9
10   *Id.* Ex. 2 at ECF p. 16. Counsel cannot be deemed ineffective for failing to make a request when

11   no trial error has occurred. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). A federal

12   court on habeas review must generally defer to the state court's interpretation of its own

13   evidentiary rules. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). As noted above, the

14   Washington court of appeals determined petitioner identified no basis to exclude the evidence he

15   contends shows his lawyer was ineffective and instead found the evidence at issue was relevant

16   and admissible. Hence any objection by trial counsel to this evidence would have been futile. As

17   counsel does not provide ineffective assistance in failing to lodge meritless objections, the

18   ground for relief should be denied and dismissed. *See e.g. United States v. Bosch*, 914 F.2d 1239,

19   1247 (9th Cir. 1990).

20        Petitioner also argues counsel was ineffective for failing to present photographs showing

21   the victim has numerous scratches to his chest and abdomen. The state court of appeals noted

22   that photos of the victim were admitted into evidence and that petitioner's contention that other

23   photographs showing the victim had multiple scratches would not establish doubt in the juror's

     minds about the source of the scratches or alter the outcome of the trial. Dkt. 25, Ex. 2, ECF p.

17. The state court of appeals accordingly concluded petitioner failed to show his lawyer performed deficiently in not presenting photographic evidence and that petitioner was not prejudiced by counsel's actions. *Id.*

The Court cannot say the state court determination is contrary to clearly established Supreme Court law or an unreasonable determination of facts. Petitioner argues counsel should have presented photos showing the victim had more injuries than would be caused by a sharp thrust to the chest or abdomen. Counsel cannot be deemed to be ineffective for making a tactical decision that resulted in preventing the jury from seeing the victim had more scratches to the chest and abdomen than might be cause by a single thrust. This is especially the case because the state was required to prove the robbery involved grievous bodily injury and as a tactical matter it would be advantageous to defendant for the jury to be shown photographs with the fewest injuries, not the multiple injuries petitioner urges here. By limiting photos of the injuries found on the victim's body, defense counsel had a stronger factual basis to argue the state failed to prove the grievous body element of robbery in the first degree.

Additionally, the confrontation between petitioner and the victim caused the victim to fall down some stairs. It is clear the fall caused the victim additional injuries, apart from the thrust at his abdomen area, because the victim also sustained an ankle injury. The state court of appeals noted "the staircase had a knobbed railing and the cut and bruise on the guard's stomach were located near where his badge and radio would have been." *State v. Gatson* 1 Wash. App 2d. at *2. Thus the victim's fall down the stairs could reasonably have caused additional scratches to the victim's chest and abdomen area. In view of all the facts of the case, the state court of appeals reasonably found petitioner's arguments about the relevance of photographs showing multiple scratches to the victim's torso were "speculation" and the introduction of additional

1    phots would not have altered the outcome of the case. The Court should accordingly deny and

2    dismiss ground for relief 3.

3    **D.      Ground for relief 4: Errors committed by the trial judge**

4           Petitioner contends the trial judge abused his discretion in four different ways. Dkt. 17 at

5    10. First, he argues the trial judge erred in denying petitioner's motion to disqualify defense

6    counsel due to a conflict of interest. In support of this claim, petitioner attached copies of the

7    trial record showing he moved to disqualify counsel; trial counsel argued to the court that "there

8    has been a complete breakdown in communication" and if petitioner proceeds with counsel "he

9    will be deprived of his right to counsel because he won't communicate with me." Dkt. 17,

10   Amended Habeas Petition, ECF, p. 66. The DPA stated "the State is not objecting to Defendant's

11   motion." *Id.* at 66-67.

12          Petitioner argues that due to a conflict of interest, the trial judge violated his

13   constitutional rights by denying his motion to discharge trial counsel. However, "until a

14   defendant shows that his counsel actively represented conflicting interests, he has not established

15   the constitutional predicate for his claim of ineffective assistance." *Cuyler v. Sullivan*, 446 U.S.

16   335, 350 (1980). Therefore, in order to succeed on a claim based on an alleged conflict,

17   petitioner must establish an actual conflict, namely that a defendant's attorney is representing

18   conflicting interests. Here there is no actual conflict. *See e.g. Mickens v. Taylor*, 535 U.S. 162,

19   164-65 (2002) (recognizing a "potential conflict of interest" when appointed counsel previously

20   represented the murder victim in a separate case); *Wood v. Georgia,* 450 U.S. 261, 270-72 (1981)

21   (suggesting strong "possibility of a conflict of interest" (emphasis in original) when defendants

22   were represented by a lawyer hired by their employer).

23

Rather petitioner moved to discharge trial counsel based upon his distrust of counsel and unwillingness to communicate with her. There is no Sixth Amendment right to "a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). There is no clearly established Supreme Court law that holds the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant will not communicate dislike or distrust. The Supreme Court has held a criminal defendant is entitled to counsel who "function[s] in the active role of an advocate." *Entsminger v. Iowa*, 386 U.S. 748, 751 (1967). However, as discussed above, petitioner has not shown his trial lawyer failed to satisfy this obligation or acted unreasonably as set forth in *Srickland v. Washington.*

The Court accordingly concludes the state court of appeals' denial of petitioner's claim that the trial judge violated his rights by failing to discharge trial counsel is neither contrary to clearly established Supreme Court law or based upon an unreasonable determination of the facts. The ground for relief should thus be denied and dismissed.

Second, petitioner contends the trial judge erred by violating principles of statutory construction by removing the word "inflict" and replacing it with "proximate cause." The state court of appeals addressed this issue in the context of petitioner's argument that he was entitled to a lesser-included instruction. *State v. Gatson*, 1 Wash.App 2d at *2.

Petitioner's claim the trial judge incorrectly interpreted Washington law is not a cognizable basis for federal habeas relief. Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Thus, state court procedural and evidentiary rulings are not

subject to federal habeas review unless such rulings "violate[] federal law, either by infringing

upon a specific constitutional or statutory provision or by depriving the defendant of the

fundamentally fair trial guaranteed by due process." *Walters v. Maass*, 45 F.3d 1355, 1357 (9th

Cir. 1995) (cited sources omitted).

Here, the state court indicated under Washington law "a defendant inflicts bodily injury

when his conduct is a proximate cause of the injury." *Id.* citing *State v. Decker*, 127 Wn. App

427, 429 (2005). In *Decker*, the court noted the evidence was sufficient to support a finding the

defendant inflicted the injury because there was a 'direct causal link' between his conduct and

the clerk's injuries. *Id*. at 432, The state court of appeals in petitioner's case found:

> The record establishes Gatson's conduct—stealing merchandise,
> running from the guard—led to the encounter on the stairs. Gatson
> made a thrusting motion towards the guard causing the guard to
> push back and then fall down the stairs. When asked what caused
> him to fall, the guard testified, 'getting struck and trying to push
> away.' This uncontroverted evidence established a direct causal
> link between Gatson's conduct and the guard's injuries; without
> Gatson's conduct, the guard would not have been injured.

*State v. Gatson*, 1 Wash.App 2d at *2.  The state court of appeals' decision clearly establishes

that under Washington law, inflicting injury **is** conduct that **proximately causes the injury**. This

Court will not reinterpret state law in a federal habeas action. Additionally, because inflicting

injury and proximately causing injury are one and the same under Washington law, the state was

not relieved of proving an essential element of Robbery in the First Degree in violation of the

Federal Due Process clause. *See e.g. Romano v. Oklahoma*, 512 U.S. 1, 12 (1994) (quoting

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)) (When considering a due process claim

based on a state court evidentiary ruling, the Court examines the entire proceedings and

determines whether the challenged evidence "so infected the trial with unfairness as to make the

resulting conviction a denial of due process."). Accordingly, the Court recommends denying and dismissing this ground for relief.

Third, petitioner contends the trial judge erred in giving an expert witness instruction where no expert witness testimony was admitted. Dkt. 17 at 10. This claim fails for two reasons. First, as noted above state court rulings based upon state law are not cognizable grounds for federal habeas relief. Second, petitioner presents nothing that the instruction denied him a fair trial in violation of the due process clause. As noted above conclusory allegations do not warrant habeas relief.  The claim should accordingly be denied and dismissed.

Fourth, petitioner contends the trial judge erred by denying his request to include a lesser offense jury instruction of "third degree theft." *Id.* The state court of appeals held under Washington state law, "the trial judge correctly denied Gatson's request for a lesser included offense." *State v. Gatson*, 1 Wash. App 2d at *4. As previously noted state law rulings are not a basis for federal habeas relief. *See e.g. Waddington v. Sarausad*, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'").

The Court notes in *Keeble v. United States*, 412 U.S. 205, 214 (1973) the Supreme Court indicated a criminal defendant is entitled to a lesser included offense instruction if the evidence would permit a jury to rationally find him guilty of the lesser and acquit him of the greater. However, *Keeble* did not hold due process entitles a defendant a lesser instruction is **all** cases.[3] Rather the Supreme Court stated it has "never explicitly held that the Due Process Clause of the

---

[3] The right to a lesser included instruction attaches only in capital cases. *See Beck v. Alabama*, 447 U.S. 625, 627 (1980) (Death penalty may not be imposed where jury was not permitted to consider a verdict of guilt of a lesser included offense).

REPORT AND RECOMMENDATION - 18

Fifth Amendment guarantees the right of a defendant to have the jury instructed on a lesser

included offense." *Id.* at 213. *see also Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en

banc) ("[The failure to instruct on lesser included offenses in noncapital cases [is not] such a

fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent

with the rudimentary demands of fair procedure[.]").

       In this case, the state court of appeals found "Gatson committed intentional and felonious

acts. He stole merchandise and struck the guard. His conduct was not attenuated from the guard's

injuries; it was the immediate physical impetus of harm." *State v. Gatson*, 1 Wash.App 2d at *4.

Based upon these factual determinations the state court of appeals' determination is not contrary

to clearly established Supreme Court law. *Keeble v. United States*, is wholly inapplicable

because the evidence clearly would **not** permit a jury to rationally find him guilty of the lesser

and acquit him of the greater. The claim should accordingly be denied and dismissed.

       And fourth, petitioner contends the trial judge erred by endorsing the prosecution's

improper argument. *Id.* at 10. Petitioner contended in the state courts that the trial judge abused

his discretion by admitting weapons seized from petitioner's car following his arrest at the

Lynwood Mall parking lot when a witness who testified in his first degree robbery trial did not

say a weapon was seen. Dkt. 25, ECF p. 402. The trail judge's admission of the evidence

ostensibly endorsed what petitioner has contended is the prosecution's improper argument about

a weapon being used in the robbery at issue. As noted above habeas relief is unavailable for state

court rulings based upon state rules of evidence. Further as noted above, the Court cannot say the

state court of appeals found no error in the admission of the weapons seized from petitioner's

car, and this finding cannot be said to be contrary to clearly established Supreme Court law. The

claim should accordingly be denied and dismissed.

**E.    Grounds for relief in motion to amend**

Petitioner contends there are photographs of the victim showing he had multiple scratches on his chest and abdomen; these photos are exculpatory, and the state has violated his rights under *United States v. Bagley* 473 U.S. 667 (1985) by failing to disclose to the defense the photos to the defense at trial and failing to retain them. Dkt. 17. The Court has discussed and rejected the claim trial counsel was ineffective for failing to admit photos of the victim. There is no *Bagley* violation because the state court's rejection of their exculpatory value is no unreasonable or contrary to Supreme Court law.

Additionally, there is no *Bagley* violation because petitioner stated in seeking review in the Washington State Court his lawyer refused petitioner's request to show the jury photos of the victim showing multiple scratches to the abdomen and chest. Dkt. 25 at ECF p. 402 ("Fact Cathleen Gromley refuse the defendant request to display this evidence to the jury. The evidence was exculpatory. A photograph of multiple body injuries of scratches on Asheim's chest.").

Petitioner's trial lawyer possessed copies of the photos at issue but decided not to present them. There is no violation. *See Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014) ("defense counsel cannot lay a trap for prosecutors by failing to use evidence of which defense counsel is reasonably aware for, in such a case, the jury's verdict of guilty may be said to arise from defense counsel's stratagem, not the prosecution's failure to disclose. In such a case, the prosecution's failure to disclose *Brady* or *Giglio* evidence would not 'deprive the defendant of a fair trial,' *Bagley*, 473 U.S. at 675, 105 S.Ct. 3375."); *see also United States v. Bond*, 552 F.3d 1092, 1096 (9th Cir. 2009) (*Brady* does not require the government "to make a [witness'] statement known" to the defense.). As petitioner's trial lawyer possessed copies of the photos his

*Brady* claim and claim the photos are now no longer in existence fail. The grounds for relief should be denied and dismissed.

In sum, the Court has reviewed all of petitioner's habeas claims and concludes petitioner has failed to establish the state court's decisions rejecting his claims are contrary to Supreme Court law or based upon an unreasonable determination of facts. The Court accordingly recommends that of the claims be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds that no reasonable jurist would find petitioner has made a substantial showing of a denial of a constitutional right. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the reasons above the Court recommends:

(1)    The habeas petition be denied and dismissed;

(2)    A COA not be issued; and

REPORT AND RECOMMENDATION - 21

1   (3)     The motion to add additional information and to conduct an evidentiary hearing

2   be denied. Dkts. 21, 26.

3          This Report and Recommendation is not an appealable order. Therefore, petitioner should

4   not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

5   assigned District Judge enters a judgment in the case.

6          Objections, however, may be filed and served upon all parties no later than **March 4,**

7   **2020.** The Clerk should note the matter for **March 6, 2020**, as ready for the District Judge's

8   consideration if no objection is filed.  If objections are filed, any response is due within 14 days

9   after being served with the objections.  A party filing an objection must note the matter for the

10  Court's consideration 14 days from the date the objection is filed and served.  The matter will

11  then be ready for the Court's consideration on the date the response is due.  Objections and

12  responses shall not exceed 10 pages.  The failure to timely object may affect the right to appeal.

13         DATED this 19th day of February, 2020.

14

15  _____

16  BRIAN A. TSUCHIDA
    Chief United States Magistrate Judge

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 22