THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARIN JEROME GATSON, | CASE NO. C19-1452-JCC |
| Petitioner, | ORDER |
| v. | |
| JEFFREY A. UTTECHT, | |
| Respondent. | |

This matter comes before the Court on Petitioner's objections (Dkt. No. 29) to the report and recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 28). Having thoroughly considered Petitioner's objections, the report and recommendation, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections (Dkt. No. 29), ADOPTS and APPROVES the report and recommendation (Dkt. No. 28), DENIES and DISMISSES Petitioner's amended petition for a writ of habeas corpus (Dkt. No. 17), and declines to issue a certificate of appealability for the reasons explained herein.

**I.     BACKGROUND**

The report and recommendation sets forth the underlying facts and procedural history of this case and the Court will not repeat them here. (*See* Dkt. No. 28 at 2–3.) The report and recommendation recommends that Petitioner's habeas petition be denied and dismissed, that a

certificate of appealability not be issued, and that Petitioner's motion to add additional information and conduct an evidentiary hearing be denied. (*Id*. at 21–22.) Petitioner has asserted objections to the report and recommendation, (*see* Dkt. No. 29), which the Court addresses in turn.

## II. DISCUSSION

### A. Standard of Review

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). The district court is not required to review "any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149.

### B. Petitioner's Objections

#### 1. *Ineffective Assistance of Counsel*

In his amended petition for a writ of habeas corpus, Petitioner asserts that his trial counsel was ineffective on several grounds. (*See* Dkt. No. 17 at 8–9.) The report and recommendation analyzed each basis for Petitioner's ineffective assistance of counsel claim and found that the state courts' decisions were not contrary to Supreme Court caselaw or based on unreasonable factual determinations. (*See* Dkt. No. 28 at 11–15.)

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and that he was so prejudiced by the deficient performance that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). Counsel's

performance is entitled to deference from the court, and thus counsel is presumed to have rendered adequate assistance. *Id*. at 689–90.

In his objections, Petitioner asserts that his trial counsel was ineffective in failing to offer a photo of the victim's injuries into evidence, arguing that the evidence was exculpatory and would have impeached the victim's testimony. (Dkt. No. 29 at 1, 9–10, 12–14, 20.) Petitioner's argument reiterates those in his amended petition and does not identify an error in the report and recommendation, which thoroughly analyzed Petitioner's claim and concluded that the state court of appeals' rejection of Petitioner's claim on this ground was not contrary to clearly established Supreme Court caselaw or an unreasonable factual determination. (*See* Dkt. No. 28 at 13–15, 20) (citing *United States v. Bagley*, 473 U.S. 667, 676 –77 (1985); *Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014); *United States v. Bond*, 552 F.3d 1092, 1096 (9th Cir. 2009)). Petitioner also alleges that the State destroyed the photo at an unspecified time, and thereby deprived Petitioner of exculpatory evidence. (Dkt. No. 29 at 19.) But this additional allegation contradicts Petitioner's argument—that his counsel possessed the relevant photo during trial but declined to offer it into evidence—and is unsupported by the record. (*Compare id*. at 20, *with id*. at 19.) Therefore, Petitioner has not identified an error in the report and recommendation, and the Court OVERRULES Petitioner's objections on this ground.

Petitioner next argues that his trial counsel was ineffective following Petitioner's filing of a bar grievance against her, which purportedly created a conflict of interest. (Dkt. No. 29 at 9–10.) The report and recommendation found that Petitioner filed his grievance after he was convicted and therefore any conflict of interest arising from the grievance did not render counsel's assistance ineffective. (*See* Dkt. No. 28 at 12.) The report and recommendation further noted that Petitioner's counsel was granted leave to withdraw after Petitioner filed his grievance and that Petitioner proceeded to sentencing with new counsel. (*Id*.) Petitioner's objections to the report and recommendation do not identify an error in the report and recommendation's analysis

of Petitioner's claim. (*See* Dkt. No. 29 at 9–10.) Therefore, the Court OVERRULES Petitioner's objections on this ground.

Petitioner asserts that his trial counsel had a conflict of interest after she "betrayed" him by stipulating to the admission of weapons recovered from Petitioner during his arrest for other criminal conduct. (Dkt. No. 29 at 10.) Petitioner also contends that the state court of appeals erred when it determined that the evidence was not barred by Washington's Rule of Evidence 404(b). (*Id.*) Generally, federal courts on habeas review defer to state courts' interpretation of their own evidentiary rules. *See Estelle v. McGuire*, 503 U.S. 62, 67–68 (1991). And counsel's performance cannot be found ineffective based on a failure to make a request where no trial error has occurred. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). The report and recommendation accordingly found that Petitioner's counsel could not have been ineffective by failing to object to the admission of the evidence, as the state court of appeals found that the evidence was not barred by Washington's rules of evidence. (*See* Dkt. No. 28 at 13) (citing *United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir. 1990)). Petitioner's objections primarily challenge the state court of appeals' decision but do not show that it is contrary to clearly established Supreme Court caselaw or is based on an unreasonable factual determination. (*See* Dkt. No. 29 at 10.) Petitioner does not otherwise identify an error in the report and recommendation. (*See id.*) Therefore, the Court OVERRULES Petitioner's objections on this ground.

    2. *New Evidence*

Petitioner objects to the report and recommendation's finding that the Court cannot consider evidence not previously considered by the state courts. (Dkt. No. 29 at 3.) Specifically, Petitioner argues that he "seeks to add additional information supplement [sic] the record with arguments about destroyed photograph [sic] showing the victim had more scratches on his chest and abdomen than would be caused by a single thrust by petitioner." (*Id.*) Petitioner asserts that this new evidence supports his request to further amend his habeas petition. (*See id.*) The report

and recommendation correctly concluded that Petitioner's request to expand the record is precluded for claims adjudicated on the merits by the state courts and that Petitioner has not established cause to grant leave to amend. (*See* Dkt. No. 28 at 4–5, 20–21) (citing *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011); *Runningeagle v. Ryan*, 686 F.3d 758, 773–74 (9th Cir. 2012); *Gulbrandson v. Ryan*, 738 F.3d 976, 993 n.6 (9th Cir. 2013); *Bagley*, 473 U.S. at 675–76; *Amado*, 758 F.3d at 1135; *Bond*, 552 F.3d at 1096). Petitioner's objections do not identify an error in the report and recommendation or otherwise establish a ground entitling him to amend his habeas petition. Therefore, Petitioner's objections are OVERRULED on this ground.

       3. *Prosecutorial Misconduct*

   In his amended petition for a writ of habeas corpus, Petitioner asserts that the prosecutor in his underlying criminal proceedings committed misconduct. (*See* Dkt. No. 17 at 5–6.) The report and recommendation found that the state court of appeals' decisions to affirm Petitioner's conviction of first degree robbery under the "inflicting bodily injury" prong and to reject Petitioner's allegation that the prosecutor had planted evidence were not contrary to Supreme Court caselaw or based on an unreasonable determination of the facts. (*See* Dkt. No. 28 at 8–11.) Petitioner objects on both grounds.

   Prosecutorial misconduct merits habeas relief "only if the misconduct by itself infected the trial with unfairness." *Donnelly v. DeCristoforo*, 416 U.S. 637, 639–40 (1974); *Darden v. Wainwright*, 477 U.S. 168, 181–83 (1986); *Greer v. Miller*, 483 U.S. 756, 765–66 (1987)). In assessing whether the petitioner was prejudiced by a prosecutor's improper argument, the court primarily looks to the strength of the evidence against him. *United States v. Ruiz*, 710 F.3d 1082, 1084 (9th Cir. 2011); *United States v. Bashaw*, 509 F.2d 1204, 1206 (9th Cir. 1975)).

   Petitioner first argues that the state court of appeals' determination that Petitioner was properly convicted under the "inflicting bodily injury" prong of first degree robbery was "objectively unreasonable" and that Petitioner's trial was rendered unfair by the prosecutor's improper reference to a deadly weapon. (*See* Dkt. No. 29 at 4–7.) Petitioner cites his charge of

first degree robbery by means of using a deadly weapon, the prosecutor's argument that Petitioner was armed during the incident at issue, and the submission of evidence at trial which supported a finding that Petitioner used a deadly weapon. (*See id*.) Petitioner also states that any unfairness was not cured when the trial court admonished the jury that argument by counsel was not evidence, and that the prosecutor's request to instruct the jury on first degree robbery by means of "inflicting bodily injury" was malicious and improper. (*See id*.) Petitioner's arguments do not establish that the state courts' decisions are contrary to Supreme Court caselaw or are based on an unreasonable factual determination, and do not identify an error in the report and recommendation's thorough analysis of the governing law and the factual record before the state courts. (*See* Dkt. No. 28 at 8–10.) Therefore, the Court OVERRULES Petitioner's objections on this ground.

Petitioner next argues that the prosecutor committed misconduct by planting false evidence. He cites the prosecutor's decision to charge him with first degree robbery by using a deadly weapon, paired with the prosecutor's decision to submit evidence that Petitioner was armed when arrested for subsequent criminal conduct, despite the victim's statement that Petitioner was not armed at the time of the incident at issue. (*See* Dkt. No 29 at 8–9) (for example, arguing that the prosecutor "planted this sharp bladded [sic] instrument theory right after Mr. Asheim told him the petitioner Mr. Gatson did not have a weapon"). The report and recommendation noted that the Washington Supreme Court had rejected Petitioner's argument as unsupported, and found that Petitioner had not offered additional support for his contention that the prosecutor planted false evidence. (*See* Dkt. No. 28 at 10–11) (citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); Dkt. No. 25 at 411). Petitioner's objections do not identify an error in the report and recommendation's analysis of his claim. (*See* Dkt. No. 29 at 8–9.) Therefore, Petitioner's objections are OVERRULED on this ground.[1]

---

[1] As discussed above, to the extent Petitioner argues that he was prejudiced by the prosecutor's offer of evidence showing Petitioner had weapons in his possession or argued that Petitioner used a deadly weapon, Petitioner has not identified errors in the report and

### 4. *Errors by Trial Court*

In his amended petition for a writ of habeas corpus, Petitioner challenges a number of decisions made by the trial judge as abuses of discretion. (*See* Dkt. No. 17 at 10.) The state court of appeals determined that the trial court did not err when it: (1) denied Petitioner's motion to disqualify defense counsel due to a conflict of interest; (2) rejected Petitioner's argument that he was entitled to a lesser-included instruction and request for the same; (3) gave an expert witness instruction where no expert witness testimony was admitted; and (4) admitted bladed objects found on Petitioner when he was arrested for other criminal conduct. (*See* Dkt. No. 28 at 15–19.)

A defendant seeking to discharge his trial counsel must establish that an actual conflict exists; namely, he must show that his counsel "actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *see Mickens v. Taylor*, 535 U.S. 162, 164–50 (2002); *Wood v. Georgia*, 450 U.S. 261, 270–72 (1981). A defendant's distrust of counsel or unwillingness to communicate with counsel does not constitute an actual conflict that violates the defendant's Sixth Amendment rights. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983); *Entsminger v. Iowa*, 386 U.S. 748, 751 (1967). The report and recommendation found that Petitioner had not identified an actual conflict between him and his trial counsel, and accordingly concluded that the state court of appeals' rejection of Petitioner's claim was not contrary to clearly established Supreme Court caselaw or based on an unreasonable factual determination. (*See* Dkt. No. 28 at 15–16.) In his objections, Petitioner repeats his assertion that he had a right to conflict-free counsel, but he does not identify facts showing an actual conflict as defined by Supreme Court caselaw. (*See* Dkt. No. 29 at 14–15.) Therefore, Petitioner's objections do not identify an error in the report and recommendation. Therefore, Petitioner's objections are OVERRULED on this ground.

---

recommendation's analysis of his claims which merit rejection of the report and recommendation. *See supra* Section II.B.3.

Federal habeas relief cannot be granted for claimed errors in a state court's interpretation of that state's laws. *See Estelle*, 502 U.S. at 67–68; *see also Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (state court procedural and evidentiary rulings are not subject to habeas relief unless they "violate[] federal law, either by infringing upon a specific constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process"). Under Supreme Court caselaw, a defendant in a capital case is entitled to a lesser included offense instruction if the evidence would permit a jury to rationally find him guilty of the lesser and acquit him of the greater; the right does not attach in non-capital cases. *See Keeble v. United States*, 412 U.S. 205, 214 (1973); *Beck v. Alabama*, 447 U.S. 625, 627 (1980). The report and recommendation found that the state court of appeals' affirmance of state trial court's use of the words "proximate cause" in place of "inflict" in Petitioner's jury instructions and decision to not instruct the jury on the lesser included offense of third degree theft was grounded in state law, did not violate clearly established Supreme Court caselaw, and was not based on an unreasonable factual determination. (*See* Dkt. No. 28 at 16–19.) In his objections, Petitioner asserts that his underlying conduct could have constituted a misdemeanor offense and therefore he was entitled to a lesser included instruction. (Dkt. No. 29 at 15, 18.) Petitioner's objections do not identify an error in the report and recommendation. Therefore, Petitioner's objections are OVERRULED on this ground.

The report and recommendation also found that the state trial court's decision to admit weapons seized from Petitioner following his arrest for other criminal conduct, and the state court of appeals' affirmance of that decision, were made pursuant to those state courts' interpretation of Washington's rules of evidence and were not contrary to clearly established Supreme Court caselaw or based on an unreasonable factual determination. (*See* Dkt. No. 28 at 19.) In his objections, Petitioner challenges the state courts' interpretation of Washington's rules of evidence and cursorily asserts that they violate the Due Process Clause. (*See* Dkt. No. 29 at 18.) But Petitioner does not establish that the state courts' decisions were contrary to Supreme

Court caselaw or are properly subject to habeas review. Nor does he identify an error in the report and recommendation. Therefore, Petitioner's objections are OVERRULED on this ground.

In sum, Petitioner's objections do not identify an error in the report and recommendation that would lead the Court to reject the report and recommendation. And the Court, having thoroughly reviewed Petitioner's amended habeas petition and the report and recommendation, agrees with the report and recommendation's findings and conclusions.[2]

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Petitioner's objections to the report and recommendation (Dkt. No. 29) are OVERRULED;
2. The Court ADOPTS the report and recommendation (Dkt. No. 28);
3. Petitioner's amended petition for a writ of habeas corpus (Dkt. No. 17) is DENIED and DISMISSED;
4. Petitioner's motions to add additional information and to conduct an evidentiary hearing (Dkt. Nos. 21, 26) are DENIED;
5. The Court DECLINES to issue a certificate of appealability; and
6. The Clerk is DIRECTED to send copies of this order to Petitioner and to Judge Tsuchida.

//
//
//
//

---

[2] Objections to the report and recommendation were due no later than March 4, 2020. (See Dkt. No. 28.) On March 11, 2020, Petitioner filed supplemental objections to the report and recommendation. (*See* Dkt. No. 30.) As Petitioner's supplemental objections were filed beyond the deadline required by the report and recommendation and Petitioner does not set forth a reason for his tardy filing, Petitioner's supplemental objections (Dkt. No. 30) are OVERRULED as untimely.

DATED this 23rd day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE